UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV12-00445 DMG (MRWx)** | Date | June 22, 2012 |
|---|---|---|---|
| Title | *Nadika Abeyrama v. J.P. Morgan Chase Bank* | Page | 1 of 8 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS [DOC. # 11]**

This matter is before the Court on the motion to compel arbitration filed by Defendant J.P. Morgan Chase Bank. The Court held a hearing on the motion on June 22, 2012. [Doc. # 11.] Having considered the parties' written submissions and oral argument, the Court renders the following decision granting Defendant's motion.

**I.
BACKGROUND**

On December 15, 2010, Plaintiff Nadika Abeyrama filed a complaint in the Los Angeles Superior Court alleging the following claims: (1) failure to accommodate in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to engage in a good faith interactive process in violation of FEHA; (3) disability discrimination in violation of FEHA; (4) retaliation/discrimination in violation of California Family Rights Act ("CFRA") and/or the Family and Medical Leave Act ("FMLA"); (5) violation of CFRA/FMLA; (6) failure to take reasonable steps to prevent discrimination in violation of FEHA; (7) rest period pay, meal period pay, interest, attorney's fees, costs, and penalties pursuant to Cal. Lab. Code §§ 218.5, 218.6, 226.7, and 512; (8) wrongful termination in violation of public policy; (9) tortious constructive termination in violation of public policy; and (10) violation of Cal. Bus. & Prof. Code §17200 *et seq*.

On January 18, 2012, Defendant removed this case to this Court pursuant to the provisions of 28 U.S.C. §§ 1332, 1348, 1441 *et seq.,* and 1446(b). [Doc. # 1.]

On May 16, 2012, Defendant filed a motion to compel arbitration and stay these proceedings. [Doc. # 11.] On June 1, 2012, Plaintiff filed her opposition. [Doc. # 12.] On June 8, 2012, Defendant filed its reply. [Doc. # 13.]

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV12-00445 DMG (MRWx)** | Date | June 22, 2012 |
|---|---|---|---|
| Title | *Nadika Abeyrama v. J.P. Morgan Chase Bank* | Page | 2 of 8 |

## II.
## LEGAL STANDARD

The Federal Arbitration Act ("FAA") "provides that agreements to arbitrate disputes 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Jackson v. Rent-a-Center West, Inc.*, 581 F.3d 912, 915 (9th Cir. 2009) (citing 9 U.S.C. § 2). Provided that the Court is satisfied with the making of the agreement for arbitration or that the failure to comply therewith is not in issue, the Court is required to direct the parties to proceed with arbitration. 9 U.S.C. § 4. "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985) (emphasis in original); *see also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

This Court's role under the Act is therefore limited to ascertaining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). It is axiomatic that arbitration is a creature of contract and a party cannot be compelled to arbitrate absent a valid agreement to do so. *See, e.g.*, *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986); *see also Jackson*, 581 F.3d at 915 (arbitration agreements are subject to all defenses to enforcement generally applicable to contracts). Where a valid arbitration clause exists, there is a presumption in favor of arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute . . . ." *AT&T Techs., Inc.*, 475 U.S. at 650; *see also Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009).

## III.
## DISCUSSION

**A.     The Arbitration Agreement is Valid**

Defendant argues that the arbitration agreement is enforceable because the parties entered into a valid arbitration agreement and the arbitration agreement covers the underlying dispute. (Def.'s Mot. to Compel Arbitration ("Def.'s Mot.") [Doc # 11] at 9, 10.)

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 |
|---|---|

| Case No. | **CV12-00445 DMG (MRWx)** | Date | June 22, 2012 |
|---|---|---|---|

| Title | *Nadika Abeyrama v. J.P. Morgan Chase Bank* | Page | 3 of 8 |
|---|---|---|---|

Plaintiff acknowledges signing the agreement but argues that there is no valid arbitration agreement because Defendant is a non-signatory to the agreement and the agreement is unconscionable. (Pl.'s Opp'n Mot. Compel Arbitration ("Pl.'s Opp'n") [Doc # 12] at 2.)

### 1.     Defendant May Enforce Arbitration Agreement as a Non-Signatory

Defendant contends that it may enforce the arbitration agreement as a non-signatory because it is a successor-in-interest to Washington Mutual and is Plaintiff's current employer. (Def.'s Mot. [Doc. # 11] at 4.)

"Generally speaking, one must be a party to an arbitration agreement to be bound by it or invoke it." *Molecular Analytical Sys. v. Ciphergen Biosystems, Inc.*, 186 Cal.App. 4th 696, 706, 111 Cal.Rptr. 3d 876 (2010) (quoting. *Rowe v. Exline*, 153 Cal.App 4th 1276, 1284, 63 Cal.Rptr. 3d 787 (2007). But non-signatories may enforce an arbitration agreement when "they are agents or alter egos of a signatory party or intended third party beneficiaries of an arbitration agreement." *Bouton v. USSA Cas. Ins. Co.*, 167 Cal.App. 4th 412, 424, 94 Cal.Rptr. 3d 151 (2008).

Plaintiff argues that the agreement was made between herself and Washington Mutual and Defendant cannot enforce the agreement because it has no relationship with Washington Mutual. (Pl.'s Opp'n [Doc. # 12] at 3).

But Plaintiff ignores the fact that Defendant acquired Washington Mutual and is therefore a successor-in-interest to Washington Mutual. The arbitration agreement is intended to benefit the Defendant as the agreement specifically states that it shall remain in effect "during and after [employee's] employment with Washington Mutual, or any successor in interest to Washington Mutual." (Decl. David Schilling [hereinafter "Schilling Decl."], Ex. B at ¶ 21.) Thus, if the arbitration agreement is valid, Defendant may enforce it.

### 2.     The Arbitration Agreement is Not Unconscionable

Plaintiff also contends that this Court should not compel arbitration because the arbitration agreement is procedurally and substantively unconscionable.

Under California law, "the doctrine of unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Sonic-Calabasas A, Inc. v. Moreno*, 51 Cal. 4th 659, 685, 121 Cal. Rptr. 3d 58 (2011). Both elements must be present, but not

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 |
|---|---|

| Case No. | CV12-00445 DMG (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | *Nadika Abeyrama v. J.P. Morgan Chase Bank* | Page | 4 of 8 |

necessarily to the same degree. Courts evaluate the two elements on a sliding scale: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Gentry v. Superior Court*, 42 Cal. 4th 443, 469, 64 Cal. Rptr. 3d 773 (2007) (quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114, 99 Cal. Rptr. 2d 745 (2000)).

> a. **The Arbitration Agreement is Procedurally Unconscionable**

Plaintiff correctly argues that the arbitration agreement is procedurally unconscionable because it was given to Plaintiff on a "take it or leave it" basis as a condition of employment. (Pl.'s Opp'n [Doc. # 12] at 6.)

"[T]he critical factor in procedural unconscionability analysis is the manner in which the contract or the disputed clause was presented and negotiated." *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257, 1282 (9th Cir. 2006). Courts have recognized that where an employment contract's arbitration clause is "cast in a 'take it or leave' light and presented as [a] standard non-negotiable provisio[n], the procedural element of unconscionability is satisfied." *Ferguson v. Country-wide Credit Industries, Inc.*, 298 F.3d 778, 784 (9th Cir. 2002). Nonetheless, "[t]he take-it-or-leave-it nature of [the agreement] is insufficient to render it unenforceable." *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1094 (9th Cir. 2009). " A finding of procedural unconscionability also considers the factors of oppression and surprise due to unequal bargaining power. *Ferguson*, 298 F.3d at 783.

Defendant responds that there is nothing surprising or oppressive about the agreement because "the agreement is a two-page, self-explanatory, stand-alone contract" and Plaintiff signed two separate arbitration agreements with Washington Mutual. (Def.'s Mot. [Doc. # 11] at 2-3.) Yet, Defendant does not rebut the argument that there was unequal bargaining power and that the arbitration provision was a standard non-negotiable provision. For the arbitration agreement to be procedurally conscionable, Defendant must show that the employee had a meaningful opportunity to opt out of the arbitration agreement while avoiding termination. *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1172 (9th Cir. 2003). Here, Defendant makes no such showing and the analysis then turns to whether the arbitration agreement is substantively unconscionable.

> b. **Plaintiff Does Not Demonstrate Substantive Unconscionability**

Plaintiff claims that the agreement is unenforceable because it is also substantively unconscionable. (Pl.'s Opp'n [Doc. # 12] at 7.)

| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **CV12-00445 DMG (MRWx)** | Date | June 22, 2012 |
| Title | *Nadika Abeyrama v. J.P. Morgan Chase Bank* | Page | 5 of 8 |

Substantive unconscionability looks to the fairness of the provision at issue. *See Pokorny v. Quixtar, Inc.* 601 F.3d 987, 997 (2010) (quoting *Szetela v. Discover Bank*, 97 Cal. App. 4th 1094, 1100, 118 Cal. Rptr. 2d 862 (2002)). The inquiry focuses on whether the contractual provision is "one-sided and will have an overly harsh effect on the disadvantaged party." *Id.* (citing *Harper v. Ultimo*, 113 Cal. App. 4th 1402, 1407, 7 Cal. Rptr. 3d 418 (2003)).

In addition, a mandatory employment arbitration agreement is enforceable if it: "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." *Armendariz*, 24 Cal. 4th at 102.

### i.   The Arbitration Agreement is Mutual

Plaintiff claims that the arbitration agreement is substantively unconscionable because the agreement is unfairly one-sided and not bilateral. (Pl.'s Opp'n [Doc. # 12] at 7.) Plaintiff argues that the agreement forces arbitration for claims most likely to be brought by the employee such as discrimination, but not for claims likely to be brought by employers such as issues with trade secrets and non-compete clauses. *See id.* at 8.

An agreement is unfairly one-sided when it requires arbitration of most claims of interest to employees but exempts from arbitration most claims of interest to the employer. *See Mercuro v. Countrwide Securities*, 96 Cal. App 4th 167, 175, 96 Cal. Rptr. 2d 671 (2002).

The arbitration agreement's exemption for injunctive relief regarding trade secret or non-compete issues is not unfairly one-sided. While an employer may be more likely to seek injunctive relief regarding trade secrets, employees are more likely to seek an injunction to prevent an employer from enforcing a non-compete clause because such clauses are against public policy. *See* Cal. Bus. & Prof. Code §16600; *see also Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 955, 81 Cal. Rptr. 3d 282 (2008) (holding employee's noncompetition agreement invalid under section 16600). Furthermore, as the court in *Mercuro* noted, California law already allows parties to an arbitration agreement to seek preliminary injunctions and temporary restraining orders in court. *See Mercuro*, 96 Cal. App. 4th at 177 (citing Cal. Civ. Proc. Code § 1281.8(b)). The arbitration agreement's incorporation of rights that exist under state law cannot be deemed unconscionable. While courts have invalidated similar arbitration provisions that exempt claims for injunctive relief involving intellectual property issues, such exemptions were too broad and invalid because they exempted claims for injunctive *and*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV12-00445 DMG (MRWx) | Date | June 22, 2012 |
|---|---|---|---|

| Title | *Nadika Abeyrama v. J.P. Morgan Chase Bank* | Page | 6 of 8 |
|---|---|---|---|

*equitable relief. See id.* at 177 (emphasis added). The exemption of requests for equitable relief from arbitration is overly broad because arbitrators commonly award equitable relief in arbitration. *See id.* at 177-78 (equitable relief includes, for example, specific performance, reformation, and rescission). This Court does not find substantive unconscionability where, as here, the arbitration agreement exempts only claims for injunctive relief from arbitration.

        ii.      **Discovery Limitations are Not Substantively Unconscionable.**

Plaintiff also argues that the arbitration agreement does not provide for the minimal discovery that *Armendariz* requires because the parties can only conduct a limited amount of discovery and two depositions prior to the arbitration hearing. (Pl.'s Opp'n [Doc. # 12] at 10.)

Plaintiff's argument fails because "the fact that an arbitration may limit a party's discovery rights is not 'substantive unconscionability.'" *Coast Plaza Doctors Hosp. v. Blue Cross of California*, 83 Cal. App 4th 677, 689-90, 99 Cal. Rptr. 2d 809 (2000) (finding that limited discovery rights are the hallmark of arbitration and if limited discovery was grounds for unconscionability then every arbitration clause would be unconscionable). While the arbitration agreement normally allows only two depositions, such limitations are generally legal if either party can ask the arbitrator to expand discovery for good cause. *See Ferguson*, 298 F.3d at 786-87 (finding that an arbitration provision that allowed for only three depositions was not by itself unconscionable because parties can request for discovery to be expanded). Here, the agreement allows for "[e]ither party [to] apply to the arbitrator for further discovery" upon a showing of sufficient cause. (Schilling Decl., Ex. B at ¶ 9.) Thus, the discovery provision is not substantively unconscionable.

        iii.     **The Arbitration Agreement Does Not Create its Own Statute of Limitations**

Plaintiff also argues that the arbitration agreement is substantively unconscionable because it creates its own statute of limitations by requiring an employee to "give notice of arbitration within 'the statute of limitations otherwise applicable under law.'" (Pl.'s Opp'n [Doc. # 12] at 8.) Plaintiff contends that this clause is unconscionable because it would limit relief that would otherwise be available in court by depriving her of the benefit of the continuing violation doctrine. *See id.*

But Plaintiff fails to explain how an arbitration provision that incorporates "the statute of limitations otherwise applicable under law" creates its own statute of limitations. This provision

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV12-00445 DMG (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | *Nadika Abeyrama v. J.P. Morgan Chase Bank* | Page | 7 of 8 |

simply incorporates existing statutes of limitations and does not prohibit the employee from using the continuing violation doctrine in arbitration. Plaintiff's reliance on *Ingle* in support of her argument is misplaced because in *Ingle* the arbitration agreement required the employee to submit a claim within one year of the accrual of the cause of action regardless of the actual limitations period under the law. *See* 328 F.3d at 1175. Here, the arbitration agreement does not deprive Plaintiff of relief that would otherwise be available in state court.

> iv.  The Arbitration Cost and Fee Provision Does Not Require Plaintiff to Pay Unreasonable Costs.

Plaintiff also argues that the arbitration agreement is unconscionable because the agreement requires employees to bear costs that they would not be required to bear in court. (Pl.'s Opp'n [Doc. # 12] at 9.) Plaintiff points to the clauses that state "any filing fee will be paid by the party initiating arbitration," and that an award or decision would allocate the costs of arbitration between the parties. *Id.*

Defendant refutes that interpretation of the filing fee provision and responds that employees are not required to pay any fee that they would not be required to pay in court. (Def.'s Reply Opp'n Mot. Compel Arbitration [Doc. # 13] at 5). Indeed, while a "filing fee will be paid by the party initiating arbitration", the agreement also provides that if the "fee exceeds the cost of filing a lawsuit in a court of that jurisdiction, Washington Mutual will reimburse the difference." (Schilling Decl., Ex. B at ¶ 13). Furthermore, the employee's filing fee is capped at $175.00 such that Defendant would be responsible for paying any filing fee in excess of that amount. Any arbitration decision that allocates the cost of arbitration between the two parties is limited to "any remedy that would have been available in court." *Id.* at ¶ 14. Thus, Plaintiff is not required to bear any cost that she would not bear in court.

As the Court finds that Plaintiff's arbitration agreement is valid, the Court must next examine if Plaintiff's claims fall within the scope of the arbitration agreement. *See Chiron Corp.*, 207 F.3d at 1130.

**B.   The Arbitration Agreement Covers All of Plaintiff's Employment Law Claims**

All of Plaintiff's employment law claims fall within the scope of the arbitration agreement which "is intended to cover all civil claims that involve or relate in any way to [employee's] employment (or termination of employment) with Washington Mutual." (Schilling Decl., Ex. B at ¶ 3). The parties do not dispute the scope of coverage, subject to the Court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV12-00445 DMG (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | *Nadika Abeyrama v. J.P. Morgan Chase Bank* | Page | 8 of 8 |

finding that the successorship language in the agreement inures to Defendant's benefit. Accordingly, all of Plaintiff's claims are subject to arbitration.

## IV.
## CONCLUSION

In light of the foregoing, Defendant's motion to compel arbitration and to stay the action is **GRANTED.** This matter shall be stayed and placed in inactive status pending arbitration. The parties shall notify the Court within ten days after the conclusion of arbitration or receipt of an arbitral ruling, whichever is later, and inform the Court whether this case should be reopened to active status.

**IT IS SO ORDERED.**